**EXHIBIT "B"**

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, TX 75251
877-766-6677

Parcel ID No.: 56-14-00-0-200

_____ [Space Above This Line For Recording Data] _____

Loan No.:
Investor Loan No.: 1703771594

# LOAN MODIFICATION AGREEMENT
**(Providing for Fixed Interest Rate)**

This Loan Modification Agreement ("Agreement"), made this 15th day of July, 2022, between PAMELA A PORTER and JAMES L SABIN, whose address is 454 TIMMS LANE, BELLE VERNON, Pennsylvania 15012 ("Borrower") and New Residential Mortgage LLC, by LoanCare, LLC, as Agent under Limited POA, whose address is 3637 Sentara Way, Virginia Beach, Virginia 23452 ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated April 30th, 2007, recorded May 2nd, 2007, and recorded in Book/Liber N/A, Page N/A, Instrument No. 200705020020515, of the Official Records of FAYETTE County, Pennsylvania, and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property," located at 454 TIMMS LANE, BELLE VERNON, Pennsylvania 15012.

Said Security Instrument was assigned as follows:
From MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, to LOANCARE, LLC, by assignment dated February 9th, 2022, and recorded on February 9th, 2022 of the Official Records of FAYETTE County, State of Pennsylvania in Book/Liber N/A, Page N/A, Instrument No. 2022020900005074.

Original Loan Amount: $159,900.00

Loan No.:

  From LoanCare, LLC to New Residential Mortgage LLC, by LoanCare, LLC, as Agent under Limited POA, by assignment dated July 15th, 2022, and recorded on N/A of the Official Records of FAYETTE County, State of Pennsylvania in Liber or Book N/A, Page N/A, Instrument No. N/A or by an assignment recorded simultaneously herewith.

  From N/A, to N/A, by assignment dated N/A, and recorded on N/A of the Official Records of FAYETTE County, State of Pennsylvania in Liber or Book N/A, Page N/A, Instrument No. N/A.

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

  In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

  1.  As of September 1st, 2022, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $145,607.24, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

  2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.375%, from August 1st, 2022. Borrower promises to make monthly payments of principal and interest of U.S. $642.94, beginning on the 1st day of September, 2022, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.375% will remain in effect until principal and interest are paid in full. If on August 1st, 2062, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

  3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument,

  If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

  4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

  (a)  all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

  (b)  all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No.:

waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

10/11/22 _____ Pamela A. Porter _____ (Seal)
Date                                PAMELA A PORTER                       –Borrower
                                    Pamela A. Sabin

10/11/22 _____ James L Sabin _____ (Seal)
Date                                JAMES L SABIN, signing solely to      –Borrower
                                    acknowledge this Agreement, but not to incur
                                    any personal liability for the debt

_____   _____(Seal)
Date                                                                      –Borrower


_____   _____(Seal)
Date                                                                      –Borrower

## BORROWER ACKNOWLEDGMENT

State of __PA__ §
County of __WESTMORELAND__ §

On this, the __11__ day of __OCT__, __2022__ before me __EDWARD A PASKAN__,
the undersigned officer, personally appeared PAMELA A PORTER and JAMES L SABIN

known to me (or satisfactorily proven) to be the person whose name(s) is/are subscribed to the within instrument, and acknowledged that he/she/they executed the same for the purposes therein contained.
In witness whereof, I hereunto set my hand and official seal.

(Seal)

Commonwealth of Pennsylvania - Notary Seal
Edward A. Paskan, Notary Public
Westmoreland County
My commission expires April 29, 2023
Commission number 1125948
Member, Pennsylvania Association of Notaries

Edward A. Paskan
Notary Signature

Notary Public
Title of Officer

LoanCare, LLC, as Agent under Limited  
POA for New Residential Mortgage — Lender  
LLC

10-14-2022 -Date

By: _____  
**Angell Hugo Patricio**  
Its: **Assistant Secretary**

## LENDER ACKNOWLEDGMENT

State of   Virginia   §  
                      §  
County of Virginia Beach City §

On this, the **14** day of _____ before me _____, the undersigned officer, personally appeared **Angell Hugo Patricio** who acknowledged himself/herself to be the **Assistant Secretary** of LoanCare, LLC, as Agent under Limited POA for New Residential Mortgage LLC

a entity, and that he/she as such **Assistant Secretary** being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of said entity by himself/herself as **Assistant Secretary**.

In witness whereof, I hereunto set my hand and official seal.

(Seal)  
Osasenaga Amadasu  
Notary Public  
Commonwealth of Virginia  
Registration No. 7945993  
My Commission Expires Sept. 30, 2025

Notary Signature   **Osasenaga Amadasu**

Notary Public  
Title of Officer

"I, **Angell Hugo Patricio**, do hereby certify that the correct address of the within named Mortgagee is 3637 Sentara Way, Virginia Beach, Virginia 23452. Witness my hand this **14** day of **Oct.**, **2022**."

Signed: _____  
By: **Angell Hugo Patricio**

# BANKRUPTCY DISCLOSURE ADDENDUM

THIS BANKRUPTCY DISCLOSURE ADDENDUM ("Addendum") is made this 15th day of July, 2022, and is incorporated into and shall be deemed to amend and supplement the Agreement of the same date, given by the Borrower which modifies Borrower's Note and Security Instrument to Lender, and covers the Property.

In addition to the covenants and agreements made in the Agreement, Borrower and Lender covenant and agree as follows:

1. **Borrower has filed for a Chapter 13 bankruptcy and, Lender's final approval of the Loan Modification Agreement is contingent upon approval of the Agreement by the bankruptcy court, if required.**
2. **AFTER** execution of the Agreement, the bankruptcy court may award the Borrower a Chapter 13 bankruptcy discharge.
3. Borrower understands and acknowledges that Borrower has had an opportunity to consult an attorney of Borrower's own choosing before Borrower executed the Agreement and this Addendum, and Borrower has either consulted with an attorney or has declined the opportunity to consult with an attorney.

Except as otherwise specifically provided in this Addendum, the terms of the Agreement will remain unchanged and in full effect.

10/11/22
Date

_____ (Seal)
PAMELA A PORTER         -Borrower

10/11/22
Date

_____ (Seal)
JAMES L SABIN, signing solely to    -Borrower
acknowledge this Agreement, but not to incur
any personal liability for the debt

_____ (Seal)
Date                              -Borrower

_____ (Seal)
Date                              -Borrower

BANKRUPTCY DISCLOSURE ADDENDUM                           Page 1 of 2
CHAPTER 13 ACTIVE BANKRUPTCY

LoanCare, LLC, as Agent under
Limited POA for New Residential   --Lender
Mortgage LLC

10-14-2022                          -Date

By: _____
            Angeli Hugo Patricio
Its: __Assistant Secretary__

EXHIBIT "A"

**All** that certain tract of land situate in Rostraver Township, Westmoreland County, Pennsylvania, bounded and described as follows:

**BEGINNING** at a point in Township Road 392 at line of lands now or formerly of Donald Indof et ux.; thence through said road, North 20° 30' West, a distance of 150.00 feet to a point in said road; thence North 75° 15' East, a distance of 300.00 feet to an iron pin; thence South 20° 30' East, a distance of 150.00 feet to an iron pin at line of lands now or formerly of Donald Indof et ux.; thence South 75° 15' West, a distance of 300.00 feet to a point, the place of beginning.

**CONTAINING** 1.028 acres according to a survey of William R. Dash, Registered Surveyor, dated May 12, 1977.

**EXCEPTING AND RESERVING** all coal, oil, gas and minerals, together with related mining and drilling rights and waivers of surface damage, excepted, reserved, leased or conveyed by the grantors herein or their predecessors in title, as set forth in prior instruments of record.

**PARCEL I.D.# 56-14-00-0-200.**

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

10/11/22
Date

PAMELA A PORTER —Borrower

10/11/22
Date

JAMES L SABIN, signing solely to —Borrower
acknowledge this Agreement, but not to incur
any personal liability for the debt

_____
Date

_____
—Borrower

_____
Date

_____
— Borrower

_____
Date

_____
— Borrower

# CORRECTION AGREEMENT

**Borrower(s):** PAMELA A PORTER and JAMES L SABIN    **Property:** 454 TIMMS LANE, BELLE VERNON, Pennsylvania 15012

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

**"Borrower"** is PAMELA A PORTER and JAMES L SABIN.

**"Lender"** is New Residential Mortgage LLC, by LoanCare, LLC, as Agent under Limited POA
, and its successors or assigns.
**"Loan"** means the debt evidenced by the Note and all sums due under the Security Instrument.
**"Note"** means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.
**"Security Instrument"** means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the Loan Modification Agreement offered by Lender in the amount of $145,607.24 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.

**REQUEST BY LENDER:** Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be _prima facie_ evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.

**BORROWER LIABILITY:** If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

10/11/22
Date

*Pamela A. Porter*
*Pamela A. Sabin*
PAMELA A PORTER —Borrower

10/11/22
Date

*James L Sabin*
JAMES L SABIN, signing solely to —Borrower
acknowledge this Agreement, but not to incur
any personal liability for the debt

_____        _____
Date                                                    —Borrower

_____        _____
Date                                                    — Borrower

_____        _____
Date                                                    — Borrower

_____        _____
Date                                                    — Borrower

## ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

10/11/22 _____ *Pamela A. Porter* _____
Date                                  PAMELA A PORTER                    Borrower
                                      *Pamela A. Sabin*

10/11/22 _____ *James L Sabin* _____
Date                                  JAMES L SABIN, signing solely to         –Borrower
                                      acknowledge this Agreement, but not to incur
                                      any personal liability for the debt

_____          _____
Date                                                                      –Borrower

_____          _____
Date                                                                      – Borrower

_____          _____
Date                                                                      – Borrower